E-FILED
Wednesday, 13 May, 2026  12:54:00 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **TODD KORNOSKI,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-3314-CRL** |
| | ) | |
| **JOSHUA MCDANNALD, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Petitioner Todd Kornoski's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (Doc. 1) and Respondent's Motion to Dismiss (Doc. 13). For

the reasons below, the Court GRANTS Respondent's Motion to Dismiss and DISMISSES

Petitioner's Petition for Writ of Habeas Corpus without prejudice. The Court DECLINES

to issue a certificate of appealability.

## I.    BACKGROUND

In December 2014, Petitioner was convicted of possession of child pornography in

DuPage County and sentenced to three years in the Illinois Department of Corrections

(IDOC) and three years to natural life of Mandatory Supervised Release (MSR). *See Illinois*

*v. Kornoski*, 14 CF 409 (DuPage Cnty. Cir. Ct. Ill.). In January 2015, Petitioner was also

convicted of Solicitation of Child Pornography in DeKalb County and sentenced to four

years in the Illinois Department of Corrections and two years of MSR to run concurrent

with his DuPage County sentence. *See Illinois v. Kornoski*, 13 CF 565 (DeKalb Cnty. Cir. Ct. Ill.).

Petitioner reports that he was most recently released from IDOC and placed on MSR on September 23, 2022. (Doc. 1 at 2). However, he was taken back into custody on alleged violations of the terms of his MSR on February 15, 2025. *Id.* The Illinois Prisoner Review Board (IPRB) revoked his parole on April 15, 2025. *Id.* The IPRB denied Petitioner's timely appeal on June 27, 2025. *Id.* Petitioner did not file any actions in state court following these proceedings. *Id.*

Instead, Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 13, 2025. He argues that the IPRB failed to afford him his due process rights as set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972), when the IPRB relied solely on hearsay, deprived Petitioner of an opportunity to confront the evidence against him, failed to make any findings that there was good cause to deny Petitioner the opportunity to confront and cross examine the evidence against him, and failed to make a finding that the violation report was sufficiently reliable to form the basis of a decision to revoke. (Doc. 1 at 3).

After being ordered to respond, Respondent filed a Motion to Dismiss (doc. 13), arguing Petitioner must first exhaust his available state court remedy before seeking habeas relief. Petitioner filed a response to the motion to dismiss (doc. 10), and Respondent filed a reply (doc. 14).

## II.    DISCUSSION

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). One of these rules is that a state prisoner must exhaust adequate and available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c).

While Illinois has an appellate process to contest a prisoner's conviction and sentence, Petitioner and Respondent contest whether there is an adequate state court process to challenge alleged due process violations that occur during a supervised release revocation proceeding. Respondent argues Illinois state prisoners may file a complaint for an order of mandamus from an Illinois circuit court and invoke one complete round of the normal appellate process, to contest the IPRB's decision. (Doc. 13 at 3). However, Plaintiff argues that a complaint for an order of mandamus is not required because it is not an established state procedure for judicial review of revocation decisions. The Seventh Circuit has found that this procedure is available to prisoners to bring constitutional claims and a prisoner is required to exhaust it prior to bringing a federal habeas proceeding. *See McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001) (holding that Illinois prisoners are required to exhaust claims regarding the constitutionality of disciplinary hearings in a complaint for an order of mandamus) (citing *U.S. ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1198 (7th Cir. 1984) ("Illinois courts have recognized that

petitions for writs of mandamus directed against corrections officials may be an appropriate remedy for constitutional violations of parole procedures and prison conditions.");*See also, Faheem-El v. Klincar*, 600 F. Supp. 1029, 1033–34 (N.D. Ill. 1984) ("*Mandamus* is a proper route to compel public officials to comply with statutory or constitutional duties." (citing Illinois state cases)).

Moreover, Illinois caselaw supports the Seventh Circuit's precedent. Under Illinois law, "[m]andamus is an extraordinary remedy to enforce, as a matter of right, 'the performance of official duties by a public officer where no exercise of discretion on his part is involved.'" *Holly v. Montes*, 231 Ill. 2d 153, 159 (2008) (internal citations omitted). Accordingly, a plaintiff seeking mandamus must show: "(1) an affirmative right to relief; (2) defendant's duty to act; and (3) defendant's authority to comply with the order." *Id.* As the Illinois Supreme Court explained, "[i]n the parole context, a writ of *mandamus* may be used to compel the Board to exercise its discretion, but may not be used to compel the Board to exercise its discretion in a certain manner." *Hanrahan v. Williams*, 174 Ill. 2d 268, 272 (1996). *See also Crump v. Ill. Prisoner Review Bd.*, 181 Ill. App. 3d 58, 62 (1989) (finding the plaintiff's allegation of constitutional violation regarding the denial of his parole could not be raised in mandamus action, but acknowledging that "certain cases allegations of constitutional violations by an inmate can state a cause of action for *mandamus* relief. For example, *mandamus* has been used to compel the Review Board to grant an accused parole violator a reasonably prompt final revocation hearing."). While Illinois now has a mandatory supervised release system instead of parole, Illinois Appellate Court decisions have applied this same framework to mandamus complaints

against the IPRB. *See Walker v. Monreal*, 76 N.E.3d 796, 799 (Ill. App. Ct. 2017) (considering mandamus complaint against IPRB alleging denial of due process at MSR revocation hearing but denying relief because the mandamus complaint was filed ten years after the alleged due process violation); *Lee v. Findley*, 835 N.E.2d 985, 989 (Ill. App. Ct. 2005) (finding that a mandamus complaint that alleged the IPRB denied a prisoner due process when it failed to comply with *Morrissey* stated a cause of action for mandamus and remanding for further proceedings).

Petitioner argues that a more recent Illinois Supreme Court case, *Cordrey v. Prisoner Review Board*, 2014 IL 117155, shows that "mandamus is not an available state remedy because it cannot compel the [IPRB] to conduct revocation hearings in a particular manner." *(*Doc. 10 at 4). In *Cordrey*, a prisoner was challenging the practice of "violating at the door," whereby the IPRB would not release him on mandatory supervised release because he did not have a suitable host site to be released to because he was indigent. *Cordrey*, 2024 IL 117115, ¶ 1. However, the Illinois Supreme Court found that while the IPRB "sets the conditions for an inmate's MSR, the entity directed with assisting an inmate with finding a suitable host site for MSR placement is the Department of Corrections." *Id.* ¶ 24. Rather, the respondents in the case were "tasked with setting the conditions of MSR and determining whether a violation of those conditions warrant revocation of MSR." *Id.* ¶ 26. Because there is no claim or allegation that respondents failed to do those tasks, the court found that he had not established he was entitled to a writ of mandamus. *Id.* However, *Cordrey* did not purport to overrule *Hanrahan*, nor does *Cordrey's* holding conflict with *Hanrahan's*. Cordrey was seeking to compel the IPRB to

exercise its discretion in a certain manner—essentially to not find a lack of suitable housing as a reason to find the prisoner would violate his MSR when the prisoner and the Department of Corrections were unable to find suitable housing or otherwise provide suitable housing. This result is in accordance with *Hanrahan*'s holding that "a writ of *mandamus* may be used to compel the Board to exercise its discretion, but may not be used to compel the Board to exercise its discretion in a certain manner." *Hanrahan*, 174 Ill. 2d at 272.

Compliance with the due process rights set forth in *Morrissey* is not discretionary and does not require a court to substitute its discretion or judgment for that of the IPRB. *Morrissey* held the minimum requirements of due process are:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

408 U.S. at 489. Here, Petitioner alleges the IPRB failed to afford him his due process rights when the IPRB relied solely on hearsay, deprived Petitioner of an opportunity to confront the evidence against him without making any findings that there was good cause to deny Petitioner the opportunity to confront and cross examine the evidence against him, and failed to make a finding that the violation report was sufficiently reliable to form the basis of a decision to revoke. (Doc. 1 at 3). It may be true that an order of mandamus cannot compel the IPRB to reach a certain result when making these findings,

but neither does *Morrissey*. *Morrissey* merely requires the IPRB to follow certain procedures but not reach a certain result.

Accordingly, the Court finds that a complaint for writ of mandamus remains an available state court remedy that a prisoner must exhaust prior to bringing a federal habeas challenge to his revocation proceedings in Illinois. Because Petitioner has not yet done so, his Petition must be dismissed as unexhausted.

## III.    CERTIFICATE OF APPEALABILITY

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claims are unexhausted. Accordingly, the Court declines to issue a certificate of appealability.

## IV.    CONCLUSION

Accordingly, the Court GRANTS Respondent's Motion to Dismiss (Doc. 13), DISMISSES Petitioner Todd Kornoski's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) without prejudice, and DECLINES to issue a certificate of appealability. The Clerk is DIRECTED to issue judgment in favor of Respondent and CLOSE the case.

Signed on this 13th day of May 2026.

/s/ Colleen R. Lawless
Colleen R. Lawless
United States District Judge
